IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RADIOSHACK CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10197 (BLS)<br><br>(Jointly Administered) |
| THE STATE OF TEXAS,<br><br>Plaintiff,<br><br>v.<br><br>RADIOSHACK CORPORATION and RADIOSHACK CUSTOMER SERVICE LLC<br><br>Defendants. | Adv. Pro. No. _____ |

### THE STATE OF TEXAS'S COMPLAINT FOR DECLARATORY RELIEF

COMES NOW the State of Texas ("Texas"), by and through the Texas Attorney General's Office, and submits this State of Texas's Complaint for Declaratory Relief (the "Complaint")[2] seeking: (1) a declaration that proofs of claim for the balance of unredeemed gift cards are entitled to priority status pursuant to 11 U.S.C. § 507(a)(7); (2) a declaration that Texas has standing to file a proof of claim for the balance of unredeemed gift cards on behalf of Consumers[3] residing in Texas; and (3) a declaration that funds should be turned over to the appropriate state for unclaimed property. In support of its Complaint, Texas respectfully states as follows:

---

[1] The Debtors are the following eighteen entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): RadioShack Corporation (7710); Atlantic Retail Ventures, Inc. (6816); Ignition L.P. (3231); ITC Services, Inc. (1930); Merchandising Support Services, Inc. (4887); RadioShack Customer Service LLC (8866); RadioShack Global Sourcing Corporation (0233); RadioShack Global Sourcing Limited Partnership (8723); RadioShack Global Sourcing, Inc. (3960); RS lg Holdings Incorporated (8924); RSignite, LLC (0543); SCK, Inc. (9220); Tandy Finance Corporation (5470); Tandy Holdings, Inc. (1789); Tandy International Corporation (9940); TE Electronics LP (9965); Trade and Save LLC (3850); and TRS Quality, Inc. (5417). The address of each of the Debtors is 300 RadioShack Circle, Fort Worth, Texas 76102.

[2] Contemporaneously herewith, Texas is filing a Motion for Summary Judgment and Brief in Support as to all counts enumerated in this Complaint.

[3] "Consumers" refers to persons, wherever located, who purchased gift cards from the Defendants prepetition.

I. INTRODUCTION

1. The Defendants were primarily engaged in the electronics retail business and, as part of the normal course of their business, sold gift cards. As evidenced by the attached affidavits, RadioShack's policy and practice provided in relevant part that these gift cards did not expire. Both prepetition and postpetition, via telephone and via their website, Defendants represented to consumers that the gift cards do not expire. *See* Exhibits B and C. Further, upon information and belief, at the time that Defendants filed for relief under Chapter 11, these cards on their face disclosed no expiration date. *See* Exhibit A.

2. Upon information and belief, approximately $43 million worth of gift cards remain unredeemed.

3. Now that the gift cards have expired, the only recourse for Consumers is to file a proof of claim in this bankruptcy case. However, the Defendants have not made any efforts to provide those Consumers with notice of the filing or any other deadlines.[4]

4. Texas asserts that the funds of Consumers should not be distributed to other creditors, and further that claims for unredeemed gift card funds are entitled to priority status under Section 507(a)(7). Texas contends that it has standing to file a proof of claim on behalf of its residents for such funds pursuant to, *inter alia*, Federal Rule of Bankruptcy Procedure 2018(b) and/or the *parens patriae* doctrine. Finally, Texas seeks from this Court a declaration that, to the extent there are gift card funds remaining after all Section 507(a)(7) claims based on unredeemed gift cards are paid, such funds should be turned over to the appropriate state for unclaimed property in accordance with applicable United States Supreme Court precedent.

---

[4] As of the date of filing of this Complaint, no claims bar date has been set for holders of "Gift Card Claims". Order (I) Establishing Bar Dates for Filing Claims and (II) Approving the Form and Manner of Notice Thereof, D.I. 2214. The foregoing referenced order defines "Gift Card Claims" as ". . . claims related to prepetition gift cards."

## II. JURISDICTION & VENUE

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334, and 2201 and the standing order of reference in the United States District Court for Delaware (*available at* http://www.ded.uscourts.gov/sites/default/files/general-orders/AmendedTitle11Order_2-29-12_0.pdf (last visited June 1, 2015)).

6. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

7. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1409.

## III. FACTUAL BACKGROUND

8. On February 5, 2015, the Defendants filed for relief under Chapter 11 of the Bankruptcy Code.

9. This Court directed that the separate filings of each Defendant were to be jointly administered and procedurally consolidated. (D.I. 98.)

10. The gift cards issued by the Defendants do not list an expiration date on their face. *See* Exhibit A. Further, the Defendants have represented prepetition and postpetition, via telephone and via their website, that gift cards do not expire. *See* Exhibits A through C.

11. Pursuant to the Motion for an Order Authorizing the Debtors to (i) Maintain Certain Customer Programs and (ii) Honor or Pay Related Prepetition Obligations to Their Customers (D.I. 7) ("Customer Programs Order") and the Order granting same (D.I. 109), Saturday, March 7, 2015 was established as the expiration date for outstanding gift cards. This conflicted with ¶19 of the Order of this Court (I) Authorizing the Debtors to Assume the Consulting Agreement; (II) Authorizing and Approving the Conduct of Store Closing or Similar Themed Sales, with such Sales to be Free and Clear of all Liens, Claims and Encumbrances, (III) Authorizing Customary

Bonuses to Employees of Closing Business Locations, and (IV) Granting Related Relief, which set the gift card expiration date at Tuesday, March 31, 2015. (D.I. 455.) The Order granting the Customer Programs Motion was amended on March 10, 2015 and set the final date for gift cards at March 31, 2015. (D.I. 894.)

12. On April 22, 2015, Texas sent counsel for the Defendants a letter asking for certain information regarding gift cards that were not redeemed by the gift card redemption deadline. A copy is attached hereto as Exhibit D.

13. In that letter, Texas sought, in part, a state-by-state breakdown of the quantity and total dollar amounts of unredeemed gift cards. Texas also inquired as to whether the Defendants have the ability to identify the buyers of remaining unredeemed gift cards. Texas further asked whether the Defendants had sent formal notice to the holders of unredeemed gift cards, had initiated a claims mechanism, or intended to send any notice of the bankruptcy to holders of unredeemed gift cards.

14. To date, while the parties have had several conversations and email exchanges about this topic, the Defendants have not provided any substantive response to the letter.

15. Upon information and belief formed after these conversations with Debtors' counsel, approximately $43 million worth of gift cards were not redeemed by the deadline. The Defendants have not provided a state-by-state breakdown.

16. Further, the Defendants have not provided notice, actual or constructive, to the holders of unredeemed gift cards, whether those holders are known or unknown.[5]

---

[5] The typical remedy for failing to provide notice to creditors – that a debtor's obligation to the creditor will not be discharged by the confirmation of a plan – does not help creditors in a case such as this, where the Defendants have proposed a liquidating chapter 11 plan. Because there will be no solvent entity once the plan has been consummated, creditors who were not provided notice of the bankruptcy will be left without a remedy.

17. The Defendants have informed Texas that they do not know who the holders of unredeemed gift cards are. However, Texas respectfully contends that such an assertion must be viewed with some skepticism in light of the fact that the Defendants maintain extensive data regarding their customers' purchases. The Defendants likely know the names, mailing addresses, and email addresses of at least some of the purchasers if not the holders.

18. Regardless, whether the Consumers who are currently holding unredeemed gift cards are known or unknown creditors, the Defendants have not taken any steps to provide them with actual or constructive notice.[6]

IV.    RELIEF REQUESTED

**Count I: Declaratory Relief that Proofs of Claim for the Balance of Unredeemed Gift Cards are Entitled to Priority Status Pursuant to 11 U.S.C. § 507(a)(7)**

19. The preceding paragraphs are incorporated herein for all purposes as if set forth in full.

20. Pursuant to *In re W W Warehouse, Inc.*, 313 B.R. 588 (Bankr. D. Del. 2004) and 11 U.S.C. § 507(a)(7), the unredeemed gift cards should be determined to have priority status up to $2,775 each.

21. Section 507(a)(7) provides:

> Seventh, allowed unsecured claims of individuals, to the extent of $2,775 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided.

---

[6] Due process requires that creditors, whether known or unknown, be provided notice of all relevant deadlines before their claim can be discharged. *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995); *In re S.N.A. Nut Co.*, 198 B.R. 541, 543 (Bankr. N.D. Ill. 1996); *see also In re Longardner and Associates, Inc.*, 855 F.2d 455, 465 (7th Cir.1988). Known creditors must be provided with actual notice while unknown creditors may be provided with constructive notice. *Chemetron*, 72 F.3d at 345-46.

5

11 U.S.C. § 507(a)(7) (West 2015).

22. Consumers who purchased gift cards from the Defendants prepetition presumably did so with the expectation that the Defendants would apply some or all of the face value of the gift card toward a later, ultimate purchase.

23. WHEREFORE, Texas requests that this Court issue a declaratory judgment that proofs of claim filed in this case for unredeemed gift cards are entitled to priority status under Section 507(a)(7) for up to $2,775 per gift card.

**Count II: Declaratory Relief that Texas Has Standing to File A Proof of Claim for the Balance of Unredeemed Gift Cards on Behalf of its Residents[7]**

24. The preceding paragraphs are incorporated herein for all purposes as if set forth in full.

25. Texas has standing under, *inter alia*, Federal Rule of Bankruptcy Procedure 2018(b) and/or the *parens patriae* doctrine to file a proof of claim for the balance of unredeemed gift cards on behalf of its residents.[8]

*Federal Rule of Bankruptcy Procedure 2018(b)*

26. Applicable case law precedent establishes that Federal Rule of Bankruptcy Procedure 2018(b) provides state attorneys general with the right to intervene on behalf of consumer creditors in cases such as this one. *See, e.g.*, *In re U.S. Fidelis, Inc.*, 481 B.R. 503 (Bankr.

---

[7] If not already filed, Texas will shortly be filing an unliquidated proof of claim for unredeemed gift cards on behalf of Texas Consumers.

[8] Texas does not assert in this adversary proceeding that it has standing to file proofs of claim on behalf of residents of other states; however, Texas requests a determination that the attorneys general of all states within the United States may assert claims on behalf of the residents of their states. Further although not raising it here, Texas contends that it has standing to assert such claims under the Texas Deceptive Trade Practices-Consumer Protection Act (TEX. BUS. & COMM. CODE ANN. § 17.41 et seq. (West 2015) (the "DTPA") which prohibits false, misleading and deceptive acts or practices in the conduct of trade or commerce. Representing that a gift card has no expiration date and later setting a deadline for its expiration could reasonably be viewed as constituting a violation of the DTPA. If such a claim were asserted, penalties could be significant because the DTPA would allow penalties for each violation, including potentially the sale of each gift card.

E.D. Mo. 2012); *see also In re SCBA Liquidation, Inc.*, 489 B.R. 666, 687 (Bankr. W.D. Mich. 2013).

27. Rule 2018(b) provides:

> (b) Intervention by Attorney General of a State
> In a chapter 7, 11, 12, or 13 case, the Attorney General of a State may appear and be heard on behalf of consumer creditors if the court determines the appearance is in the public interest, but the Attorney General may not appeal from any judgment, order, or decree in the case.

FED. R. BANKR. P. 2018(b) (2012).

28. In the case at bar, the creditors the State of Texas is seeking to protect are undoubtedly "consumer creditors" within the meaning of Rule 2018(b).

29. Further, by filing of a proof of claim, Texas would not be pressing claims on its own behalf. Rather, the claims it would be pressing would be on behalf of its residents.

### *Parens Patriae*

30. Texas asserts that under the *parens patriae* doctrine, the facts of this case warrant a finding that it has standing to press claims on behalf its residents.

31. The United States Supreme Court has explained that to have standing under the doctrine of *parens patriae*, the state asserting the doctrine must meet the following elements:

> (1) the state must have a quasi-sovereign interest, apart from the interests of particular private parties;
> (2) there must be an injury to a substantial segment of its population; and
> (3) the individuals could not obtain complete relief through a private suit.

*Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592 (1982); *People by Abrams v. 11 Cornwell Co.*, 695 F.2d 34 (2d Cir.1982), modified on other grounds, 718 F.2d 22 (2d Cir.1983) (en banc).

32. Further:

> The State must express a 'quasi-sovereign' interest, such as its interest in the health and well-being-both physical and economic-of its residents in general. Although more must be alleged than injury to an identifiable group of individual residents, the indirect effects of the injury must be considered as well in determining whether the State has alleged injury to a sufficiently substantial segment of its population.

*Snapp*, 458 U.S. at 593; *see also Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 437 (3d Cir. 2000).

33. In the case at bar, Texas contends that: a) it has a quasi-sovereign interest; b) that without granting Texas standing to file a proof of claim on behalf of its residents, its residents will suffer an imminent injury; and c) that Consumers will not be able to obtain meaningful relief on their own because Consumers are at a unique disadvantage in the Chapter 11 context as discussed in *In re Grand Union Co.*, 204 B.R. 864, 873 (Bankr. D. Del. 1997).

34. Texas believes that these considerations satisfy the Supreme Court's analysis as outlined in *Snapp*. *See also Broselow v. Fisher*, 319 F.3d 605 (3d Cir. 2003); *see also In re SCBA Liquidation, Inc.*, 489 B.R. 666, 687 (Bankr. W.D. Mich. 2013).

35. WHEREFORE, Texas requests that this Court declare that it has the authority to file a proof of claim on behalf of its residents pursuant to Federal Rule of Bankruptcy Procedure 2018(b) and/or the *parens patriae* doctrine.

**Count III: Declaratory Relief Seeking Determination that Funds Should be Turned Over to the Appropriate State for Unclaimed Property**

36. The preceding paragraphs are incorporated herein for all purposes as if set forth in full.

37. Texas asserts that, to the extent there are gift card funds remaining after all Section 507(a)(7) claims based on unredeemed gift cards are paid, such funds should be turned over to the

appropriate state for unclaimed property in accordance with *Delaware v. New York*, 507 U.S. 490 (1993). As explained by the United States Supreme Court in *Delaware v. New York*, the state in which the creditor is last known to have resided should receive unclaimed property. 507 U.S. at 498. Further, if a debtor's records disclose no address for a creditor or the creditor's last known address is in a state whose laws do not provide for escheat, then the state of incorporation should receive the funds. *Id.*

38. On information and belief, RadioShack Customer Service, LLC is the entity which issued the gift cards. Further, on information and belief, RadioShack Customer Service, LLC is incorporated in Virginia.

39. Therefore, as to Consumers who purchased gift cards, the Defendants should be required to review their records for a last known address and then the funds should be turned over to that state pursuant to that state's laws regarding unclaimed property. If the Defendants cannot locate an address or if the state in question does not have a statute covering unclaimed property, then the funds should be turned over to Virginia pursuant to Virginia's unclaimed property statute (VA. CODE §59.1-530).[9]

40. WHEREFORE, Texas seeks declaratory relief from this Court that, to the extent there are gift card funds remaining after all Section 507(a)(7) claims based on unredeemed gift cards are paid, such funds should be turned over to the appropriate state for unclaimed property in accordance with *Delaware v. New York*.

---

[9] On information and belief formed after communications with the Virginia Attorney General's Office, the gift cards became subject to reporting under Virginia's unclaimed property statute when the gift card redemption period ended. When the gift card redemption period ended, Virginia's exemption for gift cards (articulated in § 55-210.8:1 of the Code of Virginia) was no longer applicable because the cards were no longer "redeemable in merchandise, in services, or through future purchases". Further, on information and belief, Virginia's Division of Unclaimed Property intends to honor claims from gift card owners whose individual card balances were identified and reported to Virginia along with the owner's name and address or by the card number. Further, the Division of Unclaimed Property is preparing a proof of claim form and will be filing it soon in this bankruptcy.

9

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/  Hal F. Morris*
HAL F. MORRIS
Texas State Bar No. 14485410
ASHLEY F. BARTRAM
Texas State Bar No. 24045883
CHARLIE SHELTON
Texas State Bar No. 24079317
CHRISTOPHER S. MURPHY
Texas State Bar No. 24079031
P. O. Box 12548
Austin, Texas  78711-2548
Telephone: (512) 475-4550
hal.morris@texasattorneygeneral.gov
ashley.bartram@texasattorneygeneral.gov
charlie.shelton@texasattorneygeneral.gov
christopher.murphy@texasattorneygeneral.gov

ATTORNEYS FOR THE STATE OF TEXAS